IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL K. TRANTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) 2:06-cv-355<br>CRESCENT TOWNSHIP, )<br>)<br>)<br>Defendant. ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Presently before the Court for disposition is the MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), with brief in support, filed by Defendant Crescent Township (*Document No. 5*), and the RESPONSE TO MOTION TO DISMISS, with brief in support (*Document Nos. 9 & 10*) filed by Plaintiff, Samuel K. Tranter, and Defendant's REPLY BRIEF (*Document No. 11*).

Background

On March 17, 2006, Plaintiff, Samuel K. Tranter ("Tranter"), filed a two-count Complaint in this Court against Defendant, Crescent Township ("Crescent") in which he alleges that as a military veteran and national guardsman, he was subjected to anti-veteran discrimination as an employee of Crescent. Tranter has been employed by Crescent since 1979 as a municipal worker and alleges that when he performed his annual National Guard two week training duty, members of the Crescent Board of Commissioners would become upset. Tranter also maintains that when he was called up to active duty from February 9, 2002 through June 12, 2002, he encountered reluctance by Crescent to pay the difference in his wages for the time of his deployment. Crescent eventually did pay the wage difference. Tranter also asserts that he was told by the Crescent Township Manager not to wear his military uniform to work because it infuriated the Board of Commissioners.

Tranter's primary allegations of discrimination are that he was passed over for a promotion while allegedly being the most qualified applicant, and that Crescent's refusal to promote him was due to his military service. Tranter claims that when his immediate

supervisor retired he was next in line for the Road Foreman position, but instead of promoting Tranter, Crescent abolished that position. Shortly thereafter, Crescent created a new position of Leadman which had essentially the same duties as Road Foreman. Another candidate was hired for the Leadman position, who Tranter claims was less qualified and needed help in performing the Leadman duties. Tranter asserts that Crescent eliminated the Road Foreman position and hired a less qualified candidate for the Leadman position due to its anti-veteran animus directed toward him, in violation of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 *et seq.* ("USERRA") and the Pennsylvania Veterans' Preference Act, 51 Pa. C.S.A. § 7101 *et seq.* ("VPA").

In his Complaint, Tranter seeks to have Crescent promote him to the position of Road Foreman, including retroactive pay to the date when the Leadman position was filled, retroactive overtime pay and a salary adjustment. Tranter also seeks an audit to determine whether Crescent denied him any pay to which he was or is entitled.

The issues have been fully briefed, and the matter is ripe for disposition. For the following reasons, the Motion to Dismiss will be granted in part and denied in part.

Standard of Review

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all well pleaded allegations of fact. *Pennsylvania Nurses Ass'n. v. Pennsylvania State Educ. Ass'n.*, 90 F.3d 797, 799-800 (3d Cir. 1996), *cert. denied*, 519 U.S. 1110 (1997). In addition, the Court must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-movant. *General Motors Corp. v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 325 (3d Cir. 2001). Dismissal is appropriate only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1411 (3d Cir. 1993).

The Federal Rules of Civil Procedure do not require detailed pleading of the facts on which a claim is based, they simply require "a short and plain statement of the claim showing

that the pleader is entitled to relief," which statement is sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed.R.Civ.P 8(a)(2); *see also Conley v. Gibson*, 355 U.S. 41, 47 (1957).

<u>Discussion</u>

Crescent argues that Tranter's USERRA claim (Count I) should be dismissed because he is seeking remedies which are not available under the law. Crescent also argues that Tranter's VPA claim (Count II) should be dismissed because this Circuit and the Pennsylvania courts have held that the relevant provisions of the VPA are unconstitutional as they pertain to promotions.

A.  <u>Count I- USERRA</u>

One of the stated goals of the USERRA is "to prohibit discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a)(3). The USERRA provides in part:

> [a] person who is a member of, performs, has performed, applies to perform or has an obligation to perform service in a uniformed service shall not be denied…promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service or obligation.

38 U.S.C. § 4311(a).

Tranter clearly states in his Complaint that he believes he has been a victim of discrimination as a result of his membership and service in the uniformed services. Tranter claims that throughout his employment at Crescent there existed an anti-veteran animus directed toward him. Complaint at ¶¶ 8-9. Tranter also alleges that the Crescent Board of Commissioners was upset that they had to pay him while he was on military training and service duty, and that he was not permitted to wear his military uniform at work. *Id*. at ¶¶ 12-16. Tranter further asserts that he was the victim of discrimination when Crescent did away with the Road Foreman position to prevent him from acquiring the position. *Id*. at ¶¶ 20-22. When Crescent created the new Leadman position which replicated the duties of the Road

3

Foreman position, Tranter claims that he was discriminated against both in the interview and by being denied the promotion despite being the most qualified applicant. *Id*. at ¶¶ 17, 26-29. Tranter requests several remedies including promotion to the now-nonexistent Road Foreman position and an audit of Crescent records back to 1979 to determine whether he was denied any pay. Complaint at 7-8. Crescent contends that both of these remedies are inappropriate and should invalidate the USERRA claim. The Court, however, holds that Tranter *may* be entitled to audit the records back to the time his employment commenced if he prevails. The Court also finds and rules that although the remedy of instatement to the Road Foreman position may not be available, Tranter may have other remedies under the law, and seeking an unavailable remedy does not invalidate an otherwise adequately stated claim.

> The USERRA provides that
>
> In any action under this section the court may award relief as follows: (A) The court may require the employer to comply with the provisions of this chapter. (B) The court may require the employer to compensate the person for any lost wages or benefits suffered by reason of such employer's failure to comply with the provisions of this chapter. (C) The court may require the employer to pay the person an amount equal to the amount referred to in subparagraph (B) as liquidated damages, if the court determines that the employer's failure to comply with the provisions of this chapter was willful.

38 U.S.C. § 4323(d)(1). The USERRA provides further that "[t]he court may use its full equity powers, including temporary or permanent injunctions, temporary restraining orders, and contempt orders, to vindicate fully the rights or benefits of persons under this chapter." 38 U.S.C. § 4323(e).

It is clear that if Tranter suffered discrimination as a result of his military service, the USERRA provides a remedy. Discovery is necessary to determine whether or not Tranter suffered discrimination and what remedies, if any, are appropriate. For the reasons stated hereinabove Defendant's Motion to Dismiss Count I will be denied.

B.  Count II- VPA

Count II of the Complaint alleges a violation of the Pennsylvania Veteran's Preference Act, which provides, in relevant part:

> [w]henever any soldier possesses the requisite qualifications and is eligible to appointment to or promotion in a public position, where no such civil service examination is required, the appointing power in making an appointment or promotion to a public position shall give preference to such soldier.

51 Pa. C.S.A. § 7104(a).

There is a line of Pennsylvania and Third Circuit cases which hold that a veteran's preference in the context of a promotion violates the Pennsylvania Constitution. The Supreme Court of Pennsylvania has held that "the Veteran's Preference Act, in granting the same preference to veterans in examinations for promotions as is granted in their original appointments to a public office is unreasonable and class legislation and therefore unconstitutional." *Commonwealth ex rel. Maurer v. O'Neill*, 83 A.2d 382, 384 (Pa. 1951). The Supreme Court of Pennsylvania has also held that "sections 7103(a) and 7104(b) of the Veteran's Preference Act are, in the context of veterans seeking promotions in public employment, unconstitutional." *Hoffman v. Township of Whitehall*, 677 A.2d 1200, 1203 (Pa. 1996). Also, the United States Court of Appeals for the Third Circuit accurately predicted how the Supreme Court of Pennsylvania would rule in holding that "in the context of promotions, the veteran's preference contemplated by §7104(b) is incompatible with the Pennsylvania Constitution." *Markel v. McIndoe*, 59 F.3d 463, 474 (3d Cir. 1995).

These cases, however, deal with veteran's preference in relation to civil service exams and civil service positions under 51 Pa. C.S.A. §§ 7103(a) and 7104(b). The instant case deals with a non-civil service position under § 7104(a). There are, however, cases that bridge the gap between civil service and non-civil service preferences for veterans. The Commonwealth Court of Pennsylvania has held in relation to the different sections in the Veteran's Preference Act, that "[b]ecause a soldier can be promoted under either subsection, we would be inconsistent if we failed to apply the rationale of *O'Neill* to non-civil service promotions under Section 7104(a) of the Act." *Belle Vernon Area Sch. Dist. v. Teamsters Local Union No. 782, Int'l Bhd. of Teamsters*, 670 A.2d 1201, 1203 (Pa. Commw. Ct. 1996). The Court of Common Pleas of Elk County, Pennsylvania, has held that:

> [w]hile section 7104(b) relates to civil service as opposed to non-civil service, the language of sections 7104(a) and (b) is consistent with regard to giving

5

> preference in the appointment or promotion to a public position. For this reason, the principles set forth in *Hoffman* are applicable to promotions under section 7104(a).
> In *Hoffman*, supra, the Pennsylvania Supreme Court per Justice Flaherty held that, in the context of veterans seeking promotions in public employment, section 7104(b) is unconstitutional. Accordingly, if the selection of St. Mary's city manager was a promotion, then, similarly, section 7104(a) is unconstitutional as well.

*Fleming v. St. Marys City*, 35 Pa. D. & C.4th 338 (1996).

According to Third Circuit and Pennsylvania state court precedents, it is unconstitutional under Pennsylvania law to apply a veteran's preference in the context of a promotion under 51 Pa. C.S.A. § 7104. Tranter asserts that it was a violation of 51 Pa. C.S.A. § 7104(a) when Crescent failed to give him a preference regarding a promotion. The Veteran's Preference Act cannot be used for promotions insofar as the foregoing authorities have found such an application to be unconstitutional. Therefore, the Court finds and rules that Count II of Plaintiff's Complaint fails to state a claim.

If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). A district court must provide a plaintiff with an opportunity to amend even if it has not been requested. *Id*. Even if a plaintiff does not seek leave to amend her complaint after the defendant moves for dismissal, unless the district court finds that an amendment would be inequitable or futile, the Court must inform the plaintiff that he/she has leave to amend the complaint within a specified period of time. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002). The district court may dismiss the action if the plaintiff does not timely file an amended complaint, or if the plaintiff files a notice of her intent to stand on the complaint as originally filed.

The Court finds and rules that it would be futile to permit Tranter to amend his complaint as it pertains to Count II. The applicable law is clear from a constitutional perspective and Tranter cannot maintain a claim for discriminatory failure to promote under 51 Pa. C.S.A. § 7104(a).

Therefore, Defendant's Motion to Dismiss Count II of the Complaint will be granted and Count II will be dismissed with prejudice.  An appropriate Order follows.

                                                        McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL K. TRANTER, | ) |
| Plaintiff, | ) |
| v. | ) 2:06-cv-355 |
| CRESCENT TOWNSHIP | ) |
| Defendant. | ) |

## ORDER OF COURT

AND NOW, this 3rd day of July, 2006, in accordance with the foregoing Memorandum Opinion it is **ORDERED, ADJUDGED and DECREED** that Defendant's Motion to Dismiss (*Document No. 5*) is **GRANTED** as to Count II of Plaintiff's Complaint and **DENIED** as to Count I.

It is further **ORDERED** that Defendant shall file an Answer on or before **July 14, 2006.**

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:  Charles E. Steele, Esquire
Email: attorneycharliesteele@gmail.com

Robert J. Grimm, Esquire
Email: rgrimm@swartzcampbell.com