# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL K. TRANTER, | ) |
| Plaintiff, | ) |
| v. | ) 2:06-cv-355 |
| CRESCENT TOWNSHIP, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Presently before the Court for disposition is the MOTION FOR SUMMARY JUDGMENT (*Document No. 22*) filed by Defendant Crescent Township. Plaintiff has filed a response and brief in opposition and Defendant has filed a reply brief. The motion is ripe for disposition.

## Background

On March 17, 2006, Plaintiff, Samuel K. Tranter ("Tranter"), filed a two-count Complaint in this Court against Defendant, Crescent Township ( the "Township") in which he alleges that as a military veteran and national guardsman, he was subjected to anti-veteran discrimination. Tranter has been employed by the Township since 1979 as a laborer in the road department, performing road and equipment maintenance and snow removal, and is still employed in that capacity. Tranter claims that when his immediate supervisor retired he was next in line for the Road Foreman position, but instead of promoting him, the Township abolished that position. Shortly thereafter, the Township created a new position of Leadman which had essentially the same duties as Road Foreman. Another candidate was hired for the Leadman position, who Tranter claims was less qualified and needed help in performing the Leadman duties. Tranter asserted that the Township eliminated the Road Foreman position and hired a less qualified candidate for the Leadman position due to its anti-veteran animus directed toward him, in violation of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 *et seq*. ("USERRA") and the Pennsylvania Veterans' Preference Act, 51 Pa. C.S.A. § 7101 *et seq*. ("VPA"). By Memorandum Opinion and Order

dated July 3, 2006, the Court granted Defendant's motion to dismiss the VPA claim but denied the motion to dismiss as to the USERRA claim, noting that discovery was necessary to determine whether or not Tranter had suffered discrimination and what remedies, if any, are appropriate. Discovery is now complete and Defendant's motion for summary judgment on the USERRA claim is ripe.

## Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure reads, in pertinent part, as follows:

> [Summary Judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In interpreting Rule 56(c), the United States Supreme Court has stated:

> The plain language . . . mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

An issue of material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must view the facts in a light most favorable to the non-moving party, and the burden of establishing that no genuine issue of material fact exists rests with the movant. *Celotex*, 477 U.S. at 323. The "existence of disputed issues of material fact should be ascertained by resolving all inferences, doubts and issues of credibility against the moving party." *Ely v. Hall's Motor Transit Co.*, 590 F.2d 62, 66 (3d Cir. 1978) (*quoting Smith v. Pittsburgh Gage & Supply Co.*, 464 F.2d 870, 874 (3d Cir. 1972)). Final credibility determinations on material issues cannot be made in the context of a motion for summary judgment, nor can the district court weigh the evidence. *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632 (3d Cir. 1993); *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware*

*Co.*, 998 F.2d 1224 (3d Cir. 1993).

When the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing' -- that is, pointing out to the District Court -- that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. If the moving party has carried this burden, the burden shifts to the non-moving party, who cannot rest on the allegations of the pleadings and must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Petruzzi's IGA Supermarkets*, 998 F.2d at 1230. When the non-moving party's evidence in opposition to a properly supported motion for summary judgment is "merely colorable" or "not significantly probative," the court may grant summary judgment. *Anderson*, 477 U.S. at 249-250.

Discussion

One of the stated goals of the USERRA is "to prohibit discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a)(3). The USERRA provides in part:

> [a] person who is a member of, performs, has performed, applies to perform or has an obligation to perform service in a uniformed service shall not be denied…**promotion**, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service or obligation.

38 U.S.C. § 4311(a).

An employee making a USERRA discrimination claim bears "the initial burden of showing by a preponderance of the evidence that the employee's military service was 'a substantial or motivating factor' in the adverse employment action." *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001) (*quoting National Labor Relations Bd. v. Transportation Management Corp.*, 462 U.S. 393, 400-01 (1983) abrogated by *Director, Office of Workers' Compensation v. Greenwich Collieries*, 512 U.S. 267 (1994) (on other grounds)). "If this requirement is met, the employer then has the opportunity to come forward with evidence to show, by a preponderance of the evidence, that the employer would

3

have taken the adverse action anyway, for a valid reason." *Id.* Unlike the familiar *McDonnell Douglas* framework applied in other discrimination cases, the procedural framework and evidentiary burdens set out in § 4311 shift both the burden of persuasion and the burden of production to the employer once the prima facie case has been established. *Maxfield v. Cintas*, 427 F.3d 544, 551 (8th Cir. 2005). Therefore, in USERRA actions there must be an initial showing by the employee that military status was at least a motivating or substantial factor in the employer's decision, upon which the employer must prove, by a preponderance of the evidence, that the adverse action would have been taken regardless of the protected status.

The term "motivating factor" means that if the employer was asked at the moment of the decision what its reasons were and if it gave a truthful response, one of those reasons would be the employee's military position or related obligations. *Robinson v. Morris Moore Chevrolet-Buick, Inc.,* 974 F. Supp. 571, 576 (E.D. Tex. 1997) (*citing Price Waterhouse v. Hopkins*, 490 U.S. 228, 250 (1989) (addressing Title VII gender discrimination claim and related affirmative defense)). In other words, if Defendant "relied upon, took into account, considered, or conditioned its decision" on Tranter's reservist status, then the reservist status was a motivating factor. *Robinson,* 974 F. Supp. at 576.

The factual question of discriminatory motivation or intent may be proven by either direct or circumstantial evidence. *Sheehan,* 240 F.3d at 1014. Under USERRA, a discriminatory motive may be reasonably inferred from a variety of circumstantial factors (as discrimination is rarely open or notorious), including:

> proximity in time between the employee's military activity and the adverse employment action, inconsistencies between the proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses.

*Sheehan,* 240 F.3d at 1014.

The absence of direct evidence of improper motivation is not fatal to the plaintiff's case. *Tagget v. Eaton Corporation*, 2001 U.S. Dist. LEXIS 18389, *12 (E.D. Mich. 2001).

Turning to the record developed in this case, the decision not to select Plaintiff to be the Leadman was made by a majority vote of the Township Commissioners. Commissioners Harriet Lewis, David Hays, James Meredith and William Cook voted unanimously, 4-0, to hire Mark Shukart for the position. Commissioner Withee was absent and did not vote. Tranter was also interviewed by the new Township Manager, Sam Stockton. In *Holt Cargo Systems, Inc. v. Delaware River Port Authority*, 20 F. Supp.2d 803, 840-41 (E.D. Pa. 1998), the Court explained that a plaintiff cannot establish liability against a municipality based on the motivation of one member, but must show that a majority of the members knew of the improper motive and ratified it.

There is no evidence that Tranter's military service was a motivating factor in the decision not to promote him to the position of Leadman. As an initial matter, Tranter had actually retired from the Pennsylvania National Guard prior to applying for the position because he thought it would improve his chances.[1] More importantly, there is no evidence of discriminatory intent by any of the decision-makers, let alone a majority. Tranter was encouraged to apply for the position and was chosen as one of the five or six finalists to be interviewed. No questions about his military service were asked during the interview process for the Leadman position. At the end of the process, the Commissioners unanimously decided that an outside applicant, Mark Shukart, was the best candidate. The Court may not second-guess the wisdom of the Township's decision, but may only consider whether that decision was motivated by discrimination. As recently summarized in *Lucas v. County of Allegheny*, 2007 WL 2752143 (W.D. Pa. 2007):

> The purpose of this area of the law is not to second guess or show that defendant made the wrong decision in choosing among qualified applications. *See Keller v. Orix Credit Alliance*, 130 F.3d 1101, 1109 (3d Cir.1997) ("The question is not whether the employer made the best, or even a sound, business decision; it is whether the real reason is [discrimination] .") (*quoting Carson v. Bethlehem Steel Corp.*, 82 F.3d 157, 159 (7th Cir.1996)); *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir.1994) ( "... plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether

---

[1]Tranter withdrew his retirement notice after he was not selected as Leadman.

5

the employer is wise, shrewd, prudent, or competent."). It is to identify claims that have a sufficient evidentiary basis to permit the finder of fact to consider whether the adverse employment action was motivated at least in part by improper discrimination.

Thus, Plaintiff's extensive discussion of the relative merits of his backhoe abilities and leadership skills, the significance of his accidents with the snow plow, and the parsing of the job description, misses the point.[2] The Commissioners decided that Shukart was a better candidate for the job. Even if Tranter disagrees with that decision, there is simply no evidence from which a reasonable jury could conclude that it was a pretext for discrimination due to Tranter's military service.

Tranter's reliance on the fact that he was the most senior employee, and that there was a past practice of naming the most senior employee to the position as foreman, is also misplaced. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006) ("To have a property interest in a job ... a person must have more than a unilateral expectation of continued employment; rather, she must have a legitimate entitlement to such continued employment.") Simply put, the Township had a right to eliminate the foreman position or to replace it with a Leadman position. Similarly, the Township had a right to solicit other applicants for the position.

Plaintiff's attempt to show a "continuous, unabated and unbroken" pattern of discrimination due to his military service falls far short. Of the actual decision-makers, Tranter points only to statements made by Commissioner Lewis in 1993 - over ten years prior to the decision at issue. Lewis wrote a letter to her congressman to complain that a municipality is required to pay the full wage of a guardsman, while private employers are only required to pay the differential rate. However, after receiving a clarifying response, the Township paid all of the amounts due to Tranter and continued to do so over the ensuing years. No reasonable jury could conclude that this remote incident establishes a motivating factor for the decision not to promote Tranter to the position of Leadman over a decade later.

---

[2]Similarly, the Court will not second-guess the Township's refusal to appoint Tranter to Township Manager in 1999.

Other statements attributed to Lewis in the 1990s are also too remote to satisfy the causal link. Most tellingly, there is simply a complete absence of evidence in the record as to any discriminatory motive or conduct by Commissioners Hays, Meredith, Cook or Withee.[3] Thus, Plaintiff cannot make out a prima facie case of discrimination under USERRA.

Even assuming, arguendo, that Plaintiff could establish a prima facie case, Defendant can easily satisfy its burden to show that it would not have hired Tranter for the Leadman position even without consideration of the military service. Tranter and his co-worker, Shawn Stuckwish, did not get along with each other. During the period after Ray Walters retired, the department did not operate smoothly due to this personality conflict. The Commissioners reprimanded Tranter and Stuckwish and instructed both men that they were equals and that neither was the supervisor of the other. The Commissioners further determined that a supervisory position, which they had hoped to eliminate, was necessary. The Township then chose Shukart, rather than either Tranter or Stuckwish, to fill this role. Tranter has not shown that this legitimate, non-discriminatory reason was pretextual.[4]

In summary, the gravamen of Plaintiff's complaint is that he was passed over for a promotion. He attempts to assemble a case for discrimination due to his military service by pointing to a variety of stray remarks, some over a decade old. The record is entirely silent as to any discriminatory animus by the majority of the actual decision-makers. Because Plaintiff cannot show that his military service was a motivating factor in the decision, he has failed to

---

[3]Tranter points to a statement from former Township Manager Jason Dailey during winter 2003: "Don't stop down here in your uniform. It infuriates them." Tranter interprets "them" as a reference to the Commissioners. However, this hearsay statement cannot be admitted for the purpose of establishing the truth of the Commissioners' alleged hostility. *See Philbin v. Trans Union Corp.*, 101 F.3d 957, 961 n. 1 (3d Cir.1996) (inadmissible hearsay cannot be considered at summary judgment). Dailey's other comments to Tranter cannot satisfy the causal link because Dailey was no longer employed by the Township at the time of the Leadman interviews.

[4]To the extent that Tranter argues discrimination based on receiving a lower percentage raise, that argument must fail. The record demonstrates that Tranter was actually paid *more* than Stuckwish and the union sought to equalize their pay.

7

make out a prima facie case. Moreover, the Township articulated several legitimate, non-discriminatory reasons for its decision not to promote Tranter to the position as Leadman. Thus, even if the Court were to assume, arguendo, that the elements of a prima facie case were met, the Township has met its burden to show that it would have made the same decision regardless of his military service. Accordingly, the MOTION FOR SUMMARY JUDGMENT (*Document No. 22*) filed by Defendant Crescent Township is **GRANTED**. This case will be docketed closed.

SO ORDERED this 5th day of November, 2007.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Charles E. Steele, Esquire
Email: attorneycharliesteele@gmail.com

Robert J. Grimm, Esquire
Email: rgrimm@swartzcampbell.com

Daniel R. Michelmore, Esquire
Email: dmichelmore@swartzcampbell.com